1

2

3

4

5

6

7

8                         IN THE UNITED DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JACK A. COOPER,

11              Plaintiff,                        No. CIV S-10-0251 JAM GGH PS

12        vs.

13   U.S. SENATOR BARBARA BOXER, et al.,          FINDINGS AND RECOMMENDATIONS

14              Defendants.

15   _____/

16              Presently before the court is defendants' (Senator Boxer and FBI Agent-in-Charge

17   Parenti) motion to dismiss, filed June 1, 2010.[1]  After reviewing the parties' papers, the court

18   now issues the following findings and recommendations.

19   I.  BACKGROUND

20              This action is proceeding on the amended complaint, filed May 18, 2010.

21   Plaintiff alleges discrimination and harassment on the job at Tracy Defense Depot where he

22   worked as a shop steward.  The allegedly harassing activity occurred while he was assigned to

23   the Light Duty area, where he was under the supervision of Jack Welsh, who is not a defendant.

24

25   _____

26       [1]  The motion was taken under submission without a hearing and the July 22, 2010
     hearing was vacated.

                                               1

1   Under this supervision, as well as upper management supervision of William Arnolfo, also not a

2   defendant, plaintiff alleges he was subject to humiliation, fear and threat of being fired.  When

3   plaintiff recovered from the shoulder injury which caused him to be placed under light duty,

4   Arnolfo refused to permit plaintiff to return to his regular job, causing plaintiff to file a handicap

5   discrimination claim.  After this filing, Arnolfo used fear and intimidation of plaintiff's

6   witnesses, and Walsh filed false charges of "loafing" against plaintiff.  Plaintiff claims that he

7   was told to leave the depot or that they would make him leave in a body bag, and his family was

8   also threatened, even after he left the Tracy Defense Depot.  The five page complaint contains

9   only one mention of defendant Boxer: "U.S. Senator Barbara Boxer.  Altering and Tampering

10  with Official Documents."  (Compl. at 5.)  Defendant F.B.I. Special Agent Parenti is only named

11  in the caption of the complaint, and the FBI is only mentioned once: "F.B.I. conspiring to conceal

12  facts and refuse to report civil rights violations."  (Compl. at 5.)

13          Plaintiff seeks relief in the form of an investigation and temporary protection for

14  his family during the investigation.

15  II.  LEGAL STANDARDS

16          A complaint must contain more than a "formulaic recitation of the elements of a

17  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

18  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

19  "The pleading must contain something more...than...a statement of facts that merely creates a

20  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

21  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

22  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

23  v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A

24  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

25  the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

26  \\\\\

1    In considering a motion to dismiss, the court must accept as true the allegations of

2 the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.

3 Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the

4 motion and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421,

5 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume

6 that general allegations embrace those specific facts that are necessary to support the claim.'"

7 National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803

8 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).

9 Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

10 Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

11    The court may consider facts established by exhibits attached to the complaint.

12 Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also

13 consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d

14 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other

15 papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.

16 1986).  The court need not accept legal conclusions "cast in the form of factual allegations."

17 Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

18    A pro se litigant is entitled to notice of the deficiencies in the complaint and an

19 opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

20 Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

21 III.  DISCUSSION

22    Defendants Boxer and Parenti seek dismissal of this action based on lack of

23 subject matter jurisdiction due to lack of standing, sovereign immunity, and the speech or debate

24 clause, (Fed. R. Civ. P. 12(b)(1)), and failure to state a claim (Fed. R. Civ. P. 12(b)(6)).[2]

25 

26    [2]  Defendants raise in their motion the issue of insufficient service of process, but seek to
preserve this defense as a future ground for dismissal under Fed. R. Civ. P. 12(b)(5).  Because all

1    Plaintiff has filed a response and amended response to the motion, which explain

2    his attempts to serve process, and stress that his "main objective is to provide the court with

3    reason for an investigation, not to prosecute." (Dkt. #s 12, 13.)  Plaintiff does not address the

4    arguments in defendants' motion.

5    The only allegation against defendant Boxer is that she altered and tampered with

6    official documents.  Plaintiff has set forth no facts in support of this allegation, and the entirety of

7    his complaint alleges violations at Tracy Defense Depot, and after plaintiff left this job, based on

8    the alleged incidents that took place there.  Defendant Boxer was not involved in those incidents

9    and there is no allegation, let alone one that might be legally supportable, that she had a duty to

10   investigate those alleged workplace incidents.  Defendant Parenti is not named outside the

11   caption of the complaint, and the only allegation against the F.B.I. is that it conspired to conceal

12   facts and refused to report civil rights violations.  Plaintiff has alleged no facts supporting this

13   allegation.  This defendant must be dismissed for the same reasons as defendant Boxer.

14   Plaintiff has failed to link defendants Boxer and Parenti to any alleged violations.

15   He has described only alleged violations by Jack Welsh, William Arnolfo, and other workers at

16   the Tracy Defense Depot, all of whom are not defendants.  Plaintiff has not alleged how Boxer

17   and Parenti were involved in any of the allegations.

18   Plaintiff has stated no facts which rise to the level of a "plausible" claim.  There

19   are not even sufficient facts to speculate on a claim.  The complaint must be dismissed.

20   Furthermore, as plaintiff cannot possibly allege any claims against the Senator or the FBI section

21   chief under any conceivable set of facts given the background of the case, the dismissal should be

22   without leave to amend.  The implausibility of plaintiff ever being able to state a claim against

23   the moving defendants is highlighted by the relief sought as well.

24   \\\\\

25   _____

26   parties have had an opportunity to address the merits of the complaint, the court will sidestep this
     procedural defense and proceed directly to the substantive issues.

1    While plaintiff insists in his opposition that he is not seeking to prosecute, but

2 only seeking an investigation, such a remedy is not available in this forum.  See White v. City of

3 Toledo, 217 F.Supp.2d 838, 841 (N.D. Ohio 2002) (internal citation and quotation marks

4 omitted) (noting that "the law is also clear that there is no constitutional, statutory, or common

5 law right that a private citizen has to require a public official to investigate or prosecute a

6 crime").

7 IV.  CONCLUSION

8    For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

9    1.  The motion to dismiss filed by defendants Boxer and Parenti on June 1, 2010,

10 be granted; and

11    2.  This action be dismissed with prejudice.

12    These findings and recommendations are submitted to the United States District

13 Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

14 (14) days after being served with these findings and recommendations, plaintiff may file written

15 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

16 Findings and Recommendations."  Any reply to the objections shall be served and filed within

17 fourteen (14) days after service of the objections.  The parties are advised that failure to file

18 objections within the specified time may waive the right to appeal the District Court's order.

19 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20 DATED: 07/22/2010                                    /s/ Gregory G. Hollows

21                                                      _____
                                                       GREGORY G. HOLLOWS
22                                                     UNITED STATES MAGISTRATE JUDGE

23 GGH5/076:Cooper0251.mtd.wpd

24

25

26

5